UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE L. ALLEN and
SHERRY ALLEN

      Plaintiffs,

v.

CENTRAL CREDIT SERVICES LLC ;
REGIONAL ACCEPTANCE CORP.; and
JOHN DOES 1 – 10

      Defendants.

NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

**I.**   **Jurisdiction and Venue**

1. Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1332, & 1337(a), together with the pendent jurisdiction of the court.

2. Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**II.**   **Parties**

3. Plaintiffs, CLARENCE L. ALLEN and SHERRY ALLEN, are natural persons who reside at 257 Mountain View Rd., Mifflintown PA 17059. Plaintiffs are citizens of Pennsylvania.

4. Defendant, REGIONAL ACCEPTANCE CORP. (hereafter "Creditor"), is a corporation with a principal place of business located at 1424 East Fire Tower Road, Greenville, NC 27858, and regularly and at all times relevant herein conducts business in the Commonwealth of Pennsylvania engaging in activities related to financing and purchase of financing deals related to motor vehicle purchases. Upon information and belief, Defendant is a citizen of North

Carolina.

5. Defendant, CENTRAL CREDIT SERVICES LLC (hereafter "CCS"), is a business entity regularly engaged in the business of collecting debts nationwide with its principal place of business located at 9550 Regency Sq. Blvd., #500, Jacksonville, FL 32225. CCS regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6). Upon information and belief, Defendant is a citizen of Florida.

### III.     Factual Allegations

6. The debt alleged by defendant to be plaintiffs' debt is, upon information and belief, a debt incurred to Regional Acceptance by plaintiffs to pay for a Pontiac G6 Classic ("the alleged debt").

7. The Chapter 13 case of the Plaintiffs, USMD Bkrty. No. 1:05-bk-04498-MDF listed among his scheduled debts the alleged debt (petition and applicable schedule attached as Exhibit A).

8. On or about Feburary 8, 2006, a discharge order was entered in favor of plaintiffs on their foregoing bankruptcy petition.

9. Subsequent to the foregoing bankruptcy discharge, Regional Acceptance repossessed the Pontiac vehicle and sold it.

10. On or about November 11, 2014, Plaintiffs received a debt collection letter from the CCS. (Exh. B).

11. The letter states that the creditor is defendant Regional Acceptance and that a deficiency balance of $5,186.46 is owed.

**IV.** **Causes of Action**

### COUNT I
### WILLFUL VIOLATION OF DISCHARGE INJUNCTION
*Plaintiffs v. Regional*

12.     The allegations above are re-alleged and incorporated herein by reference.

13.     The actions of defendant Creditor Regional in this case, in seeking to coerce plaintiffs' payment of a discharged debt by falsely and deceptively effecting wrongful repossession represents a gross violation of the discharge injunction entered in Plaintiffs' bankruptcy case pursuant to 11 U.S.C. § 524, and constitutes contempt of bankruptcy court orders.

14.     The conduct of Creditor Regional in this case has substantially frustrated the discharge order entered by the U.S. Bankruptcy Court and has caused the plaintiffs unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code, by the Vehicle financing agreement, and by prior actions of the Creditor.

### COUNT II
### Violation of the FDCPA
*Plaintiffs v. CCS*

15.     The allegations above are re-alleged and incorporated herein by reference.

16.     At all times relevant, Defendants were attempting to collect an alleged debt to it which was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

17.     The above contacts made between the Plaintiffs and Defendants were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

18.     Defendants, by their conduct as described above attempted to collect a debt from

plaintiffs which they lawfully discharged.

19. Defendants, by their conduct as described above, violated the FDCPA including but not limited to the following:

   A. §1692d, Engaged in conduct the natural consequence of which is to abuse a person;

   B. §1692e(2)(A)  The false representation of the character or legal status of any debt;

   C. §1692e(10)  false and deceptive means to collect the debt regarding non-compliance with the CFR for rehabilitation of loans;

   D. §1692f Otherwise using unfair or unconscionable means to collect or attempt to collect a debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendants for the following:

   A. For violation of 11 U.S.C. § 524 and in order to protect debtors who have secured a full Chapter 13 discharge thereunder, Regional is liable to the Plaintiffs for actual damages, punitive damages and legal fees under 11 U.S.C. §105;

   B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against CCS;

   C. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) against CCS;

   D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against CCS;

   E. Such other and further relief as the Court may deem to be just and proper.

WEISBERG LAW

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiffs

Date:   January 6, 2015